NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GUSTAVO ANTONIO MARAVILLA-PINEDA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA J. BONDI, United States Attorney General,<br><br>Respondent. | No. 17-70213<br><br>Agency No.<br>A206-690-232<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA, District Judge.***

Gustavo Antonio Maravilla-Pineda ("Maravilla-Pineda") is a citizen of El

Salvador, who entered the United States without a valid entry document on or

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

about April 5, 2014.  Maravilla-Pineda petitions for review of the dismissal by the Board of Immigration Appeals ("BIA"), of his appeal from the order of an immigration judge ("IJ") denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)).  We review the agency's legal conclusions de novo and its factual findings, including adverse credibility determinations, for substantial evidence.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's adverse credibility determination.  A trier of fact may base an adverse credibility determination on the "totality of the circumstances," including "the demeanor, candor, or responsiveness of the applicant," "consistency between the applicant's [] written and oral statements," and "any inaccuracies or falsehoods in such statements."  8 U.S.C. § 1158(b)(1)(B)(iii).  Maravilla-Pineda argues the IJ did not base its credibility

determination upon the totality of the circumstances, but instead cherry-picked immaterial facts to undermine his claim. We disagree. The IJ identified multiple credibility issues with Maravilla-Pineda. One of the stated reasons was a lack of corroboration. However, the IJ did not provide Maravilla-Pineda "with notice and an opportunity to either produce [corroborative] evidence or explain why it is unavailable before ruling that the applicant has failed in his obligation to provide corroborative evidence." *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011). Accordingly, we must separate the non-corroborative grounds for the adverse credibility determination and evaluate whether the IJ's and BIA's determination is supported by substantial evidence. *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). If it is, we defer to their adverse credibility determination. *Id.*

a. Substantial evidence supports the adverse credibility determination based on the non-corroborative grounds alone. The IJ noted discrepancies in Maravilla-Pineda's testimony regarding who owned the pupusa stand the gang sought to extort, Maravilla-Pineda's work history, and whether the police in El Salvador could protect him. *See Ren*, 648 F.3d at 1089 ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination."). This undercut Maravilla-Pineda's testimony that he left El Salvador because gang members were threatening him due to his spouse's affiliation with the gang, not as a result of extortion. Most notable, however, are

the following two discrepancies identified by the IJ because both significantly undercut Maravilla-Pineda's claim. First, Maravilla-Pineda testified that he was not familiar with Juan Perez, the gang member who allegedly took up with his wife, which contradicted his asylum affidavit where Maravilla-Pineda stated that he knew him from the neighborhood. Second, Maravilla-Pineda testified that he is still married to his wife, which the IJ found to be inconsistent with his answer during his credible fear interview that he was single despite being offered the option to answer "separated" or "divorced."

b. Regarding the inconsistencies in Maravilla-Pineda's marital status, the IJ did not err in considering his answers from the credible fear interview. The interview was administered under oath, and there is a transcript available. We have found that substantial evidence may support an adverse credibility determination where the petitioner's sworn statement during the credible fear interview is materially inconsistent with his testimony before the IJ. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020). Further, Maravilla-Pineda later confirmed before the IJ that he answered he was single during the interview. Accordingly, there is substantial evidence supporting the adverse credibility determination because nothing in the record compels a contrary conclusion. *See Dong v. Garland*, 50 F.4th 1291, 1300–01 (9th Cir. 2022).

2. In the absence of credible testimony, Maravilla-Pineda failed to

demonstrate eligibility for withholding of removal or relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003). Maravilla-Pineda does not identify, nor does the record contain, any independent evidence that compels the conclusion that he is otherwise eligible for asylum or withholding of removal. *See Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024). Accordingly, we need not consider Maravilla-Pineda's remaining contentions regarding these claims because the agency's denial based on its adverse credibility determination is dispositive. *See Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000) (finding that substantial evidence supported the agency's denial of petitioner's asylum claim based on its adverse credibility determination, and declining to reach the agency's alternative grounds for its denial); *Farah*, 348 F.3d at 1156 ("Because we affirm the BIA's determination that [petitioner] failed to establish eligibility for asylum, we also affirm the denial of [petitioner's] application for withholding of removal.").

3. Lastly, substantial evidence supports the denial of CAT protection. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (citing 8 C.F.R. § 1028.16(c)(2)). An adverse credibility determination does not necessarily defeat a CAT claim; the claim may be established through independent documentary evidence. *See id.* at 1048–49. As the IJ noted, the alleged gang threats against Maravilla-Pineda were criminal acts

without the acquiescence of government officials, and the gang members who allegedly threatened him have since been imprisoned. As such, there is no evidence to compel a finding that it is more likely than not that Maravilla-Pineda will be tortured if removed.

**PETITION DENIED.**